NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALASKA AIRLINES INC.,

    Plaintiff/Counter-defendant/Appellee,

  v.

BRADLEY CAREY; et al.,

 Defendants/Counter-plaintiffs/Cross-plaintiffs/Appellants,

  v.

KYLE LEVINE; et al.,

  Cross-defendants/Appellees.

No. 09-35979

D.C. No. 3:07-cv-05711-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 31, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bradley and Celeste Carey and their travel agency, Carey Travel, (collectively "Carey") appeal a final judgment, which (1) granted Alaska Airlines's motions for summary judgment and to dismiss portions of Carey's counterclaim; (2) denied Carey's counter-motions to dismiss and for summary judgment; and (3) permanently enjoined Carey from purchasing, selling, bartering or brokering frequent flyer miles on Alaska Airlines and its partner airlines. The district court did not award damages. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1292(a)(1), and we affirm.

We review the district court's orders *de novo*. *See Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007) (standard of review for motion to dismiss); *Continental Airlines, Inc. v. Intra Brokers*, *Inc.*, 24 F.3d 1099, 1102 (9th Cir. 1994) (standard of review for motion for summary judgment and permanent injunction).[1]

Like virtually all airlines, Alaska Airlines has a "frequent flyer" program. Members of the program may use their accumulated miles to obtain free air travel tickets on Alaska Airlines or one of its partner airlines. One of the conditions of the program is that members may not sell, purchase or barter miles, other than as

---

[1] Because the parties are familiar with the facts and claims involved in this case, we recite them only as necessary to our disposition.

allowed under the program. All tickets obtained in violation of the program are void.

Alaska Airlines filed this action seeking to enjoin Carey from violating the terms and conditions of its frequent flyer program. It alleged causes of action, for computer fraud in violation of 18 U.S.C. § 1030, and state law pendent claims of common law fraud, violations of the Washington Consumer Protection Act, tortious interference with contractual and business expectancy relations, unjust enrichment, aiding and abetting fraud, and breach of contract.

All allegations were based on Alaska's contention that Carey was buying and selling its miles on an illegitimate black market, in violation of its Mileage Plan. It originally sought damages and a permanent injunction, but then dropped its request for damages. Carey filed a countersuit against Alaska Airlines and filed a cross-complaint against Alaska Airlines's employees Ann Ardizzone (Managing Director for Customer Experience and Vice President, Inflight Services) and Kyle Levine (In-House Counsel), and Points International, Inc. (the only authorized dealer of Alaska Airlines's mileage points), alleging a number of antitrust and state law counterclaims.

Carey admitted all facts necessary for the district court to grant Alaska Airlines's motions to dismiss and for summary judgment, including the computer

3

fraud claim under 18 U.S.C. § 1030. Carey's defense and his own allegations center around his contention that Alaska Airlines's frequent flyer program restrictions are not valid.

The district court correctly granted Alaska Airlines's motion to dismiss Carey's state law claims and denied Carey's counter-motion to dismiss Alaska Airlines's state law claims. Alaska Airlines's state law claims were brought to enforce its contractual rights under its Mileage Plan.

Carey's state law claims were brought in an effort to invalidate Alaska Airlines's Mileage Plan because it allows Alaska Airlines unilaterally to change the terms of the contract. These claims are pre-empted by the Airline Deregulation Act of 1978 (ADA). 49 U.S.C. §§ 41712(a), 41713(b)(1); *Am. Airlines v. Wolens*, 513 U.S. 219, 228 (1995) (holding that state law claims seeking to invalidate an airline's frequent flyer program would frustrate the purpose of the Airline Deregulation Act and were thus preempted).

Alaska Airlines's breach of contract and fraud claims against Carey, however, do not affect the validity of the mileage program and would not frustrate the purpose of the Airline Deregulation Act. Thus, they are not preempted. *Id*.

Carey's antitrust claims fail because he is buying and selling in a "black market" of frequent flyer miles, which is not a valid market for purposes of

antitrust law.  *See TransWorld Airlines v. Am. Coupon Exch., Inc.*, 682 F. Supp. 1476, 1487 (C.D. Cal. 1988), *rev'd in part on other grounds*, 913 F.2d 676 (9th Cir. 1990).

Alaska Airlines's complaint, filed on December 27, 2007, raised allegations that were not time barred.  Wash. Rev. Code § 4.16.080(4) (three year statute of limitations tort claims, including fraud); § 19.86.120 (four year statute of limitations for Consumer Protection Act claims).  Carey was committing continuing torts, right through this litigation.

Under the so-called "stowaway" theory of damages, Alaska Airlines suffered damages each time Carey redeemed a free ticket for someone other than the traveler who earned the miles.  *Bitterman v. Louisville & Nashville R.R.*, 207 U.S. 205, 221 (1907).  Had the person traveling not used the free ticket, he would have needed to buy a ticket from Alaska Airlines, which consequently lost the sales revenue of that ticket.  *Id.*; *Continental Airlines*, 24 F.3d at 1104–05 (holding Continental was entitled to enforce the "no sale" provision of its discount coupons for the same reason).

In *Continental*, Intra Brokers sold vouchers for discounted airfare on Continental Airlines despite the vouchers's condition that they could not be "bartered, sold or redeemed for cash."  *Id.* at 1100 (internal quotation marks

5

omitted).  We affirmed the district court's grant of summary judgment for

Continental and the permanent injunction.  In doing so, we held Continental had

the right to restrict the transferability of its discount coupons:

> [Continental] is entitled to make its own decisions about whether to give out discount coupons, and whether to make them transferable or nontransferable. Neither Intra nor the courts are entitled to substitute their business judgment for Continental's, under *TransWorld* and *Bitterman*. . . . There is certain harm to Continental's control of its own business, even though the harm to its profitability is unproven or perhaps immeasurable.

*Id*. at 1105.

We also held an airline is entitled under the law to control the distribution of

its own products.  *TransWorld Airlines*, 682 F. Supp. at 1487 ("Manufacturers are

given wide latitude in establishing a manner of distribution and in choosing their

distributors.").  Its use of Points International to distribute its miles does not

infringe antitrust law.  *Id*.  Further, Alaska Airlines's unilateral right to modify the

terms of the Mileage Plan do not make the plan an illusory contract.  *Cascade Auto

Glass, Inc. v. Progressive Cas. Ins. Co.*, 145 P.3d 1254, 1257 (Wash. Ct. App.

2006).

We do not consider arguments raised for the first time on appeal, such as

Defendant Celeste Carey's contention that she should be dismissed from the case

because of her limited connection to the travel agency's actions.

*AmerisourceBergen, Corp. v. Roden*, 495 F.3d 1143, 1157 n.15 (9th Cir. 2007).

All other issues raised on appeal are denied.

**AFFIRMED.**